## AUGUR vs. WINSLOW and others.

Under the statutes in relation to redemptions from mortgage sales, passed May 12, 1837, and April 18, 1838, a judgment creditor who has a lien upon an undivided portion of the mortgaged premises, has a right to redeem from the mortgage sale.

In this respect these statutes differ from the act concerning judgments and executions, passed April 12, 1820, and are assimilated to the act in relation to mortgages to the state.

An affidavit made by the mortgagor of the amount due upon the mortgage is sufficient to entitle the mortgagee to redeem, and for that purpose the mortgagor is an agent of the mortgagee.

In May, 1836, Amasa C. Winslow executed to the complainant a mortgage on 30 acres of land for the purchase money. In July, 1836, Amasa C. Winslow conveyed to Joseph H. Sherrill the undivided half of the said 30 acres, subject to one half of the said mortgage. In October, 1836, two judgments were recovered in the Supreme Court against Amasa C. Winslow which were afterwards duly assigned to Daniel Pomeroy. These judgments amounted, on the 22d June, 1839, to $310 40. The complainant in this cause forclosed his mortgage on the 30 acres, and there was a decree for the sale of the whole of the mortgaged premises. The mortgaged premises were sold to Nathaniel Sherrill, by a master under this decree on the 22d June, 1838, for $845.

On the 22d June, 1839, Daniel Pomeroy went to the master to redeem from this sale, and tendered him money sufficient therefor, which redemption was made by virtue of, and under the two judgments above mentioned. On the same day, Nathaniel Sherrill paid to the master the amount of these two judgments, with a view of redeeming from Pomeroy, by

virtue of two mortgages, executed to him by Joseph H. Sherrill, the amount due upon which was sworn to by Joseph H. Sherrill. The master did not execute a deed to any one. Pomeroy now files a petition for the conveyance to him of the mortgaged premises, and for general relief.

July. 1840.

Augur.
v.
Winslow an others.

*S. E. Sill,* for petitioner.

*S. G. Haven,* for purchaser.

THE VICE CHANCELLOR. The conduct of the master in relation to the redemption is called in question, by the papers presented on behalf of the petition, upon examining the papers on both sides, however, I am of the opinion that there is no sufficient ground for calling in question the conduct of the master. The point presented to him for decision, is a new one, and is certainly not without its difficulties. The master may have decided wrong, but I can see no sufficient proof that he favored one party more than the other in the proceedings relating to, and connected with, the redemption. I shall, therefore, lay that ground of the application, to wit, the improper conduct of the master, out of view, and shall at once proceed to the legal propositions presented by the case.

The first and gravest one is, can Pomeroy, the petitioner, being a creditor by a judgment which is a lien upon only the undivided half of the mortgaged premises, redeem? The Statute in relation to redemption from mortgage sales, was a new, and happily, a temporary feature in our legislation. The first act was passed May 12, 1837, (Session Laws, 1837, page 455.) This act provides, that "within one year from the time when any sale of real or lease-

hold estate, under any mortgage heretofore executed, or any decree thereon shall hereafter be made, the real or leasehold estate so sold, or any distinct lot, tract, or portion that may have been separately sold, may be redeemed by the *mortgagor, his personal representatives, or assigns,* on paying to the purchaser &c." This act provides for a redemption only by the *mortgagor, his personal representatives, or assigns,* and did not extend the privilege to any other class, and the operation of such redemption was, that the mortgaged premises should be no longer subject to such mortgage, but the title thereto remained as it was before the sale, except that they were discharged from the incumbrance of such mortgage, no one under this act acquired any new title to the mortgaged premises.

By act of April 18, 1838, (Session Laws, 1838, page 261.) this act was modified, and the fifth section of that act extended the right of redemption to creditors, having a lien upon the mortgaged premises. The amendment it is true it *descriptio personæ* to a certain extent. But take the two sections of the acts of 1837 and 1838, viz : the 1st section of the act of 1837, and the 5th section of the act of 1838, and put them together, as it was evidently contemplated they should be, and see how they will read. The statute provision will then stand thus.

"Within one year from the time when any sale of real or leasehold estate, under any mortgage heretofore executed or any decree thereon shall hereafter be made the real or leasehold estate so sold, or any distinct lot, tract, or portion that may have been seperately sold, may be redeemed by the mortagagor, his personal representatives or assigns, and each and

July, 1840

Augur.
v.
Winslow and
others.

every person or persons, corporation or corporations that have or shall have any legal lien on the premises, he or they may so claim to redeem." Thus the act stood in relation to the right of redemption when the sale was made in this cause. The rights of all are governed by this act thus amended. Now has not a person or corporation, who has a lien upon an undivided portion of the mortgaged premises, a legal lien thereon, within the meaning of the act to enable them to redeem under it? The purchaser insists not, and that the right to redeem is coextensive only with the *lien,* and that the lien being upon an undivided portion, the judgment creditor has no pretence to step into the place of the purchaser. To sustain his portion the purchaser refers to the act concerning judgments and executions, passed April 12, 1820, (Laws of 1820, page 167;) and the decision of the Supreme Court upon this act made in reference to a similar question arising under it, reported in 19 Johns.' Rep. 379.

Great respect is to be given to such decision, and if I felt that the cases were parallel, I should, perhaps, permit it to control my own. But there is this distinction between the statutes of 1820, and 1838. The former provided for a redemption by the judgment debtor, his heirs or grantees within a certain time, and if they redeemed the sale was null and void. If they failed to redeem within that time, the judgment creditors of the defendant in the execution, having a lien upon the land, could redeem within three months thereafter, and by redeeming would acquire title to the land. In the statute of 1838, there is no such distinction as to time. The mortgagor, his assigns, and judgment and mortgage cred-

July, 1840.

Augur.
v.
Winslow and others.

itors are all put upon the same footing under the statute of 1820, though it has been decided that a judgment creditor, who has a lien upon only an undivided interest, cannot redeem to acquire title to the whole land, yet it has never been decided that the defendant in the execution, his heirs, or grantees, owning at the time but an undivided interest, may not redeem with a view to make the sale null. The act in relation to mortgages to the state, provides that, "whenever any mortgaged premises shall be sold, either under a notice or a decree, it shall be lawful for the mortgagor or his heirs, or assigns, to redeem the same at any time within sixty days after such sale." Under this statute it has been decided that a *part owner* of the premises sold is entitled to redeem the whole.(5, Wendell Rep. page 94.) This seems to settle the question judicially, that a part owner can redeem the whole premises, when the operation of the redemption is simply to discharge the lien of the mortgage. In the case before us the counsel for the purchaser would hardly contend that the mortgagor or his assigns, owning, at the time of the sale, only an undivided interest, could not redeem the whole by paying the bid. Such at any rate under the spirit of former decisions and spirit of the statute would be his right.

If this point is so conceded, or so decided, it seems to me to dispose of the whole question.

By looking at the statutes of 1838, it will be perceived that the rights of judgment creditors, to redeem, are placed precisely upon the same footing with those of mortgagors and their assigns. If, therefore, mortgagors and their assigns, owning an undivided interest at the time of the sale, had a right to

July, 1840.
Augur.
v.
Winslow and
others.

redeem. Judgment creditors owning such an interest had such a right, for these rights of redemption by the statute are the same. It is true the *effect* of a redemption by a mortgagor, or his assigns, is different from the effect of a redemption by a judgment creditor. In the one case the mortgaged premises would be merely discharged from the incumbrance of the mortgage, in the other case the redeeming creditor would acquire title, but still their *rights* to redeem are, by the statute, placed upon precisely the same footing, and in this the statute of 1838, differs from the Statute of 1820.

The statute of 1820 has received a variety of judicial constructions. The legislature, by various enactments, intended to have, and have, remedied many of the defects in the first law, with a view of obviating the objections suggested by the judicial tribunals. With all these decisions and all these amendments the legislature must be presumed to have been familiar, when they passed the law of 1838. If so, it must, in the light of former decisions, be presumed that they framed it to give the judgment creditor the benefit of the same right of redemption as they gave the mortgagor; and though such construction would enable a judgment creditor to acquire title, that the law was framed with that object. This seems to me to be the intent and spirit of the law. This construction can work no injury to any, while another construction would shut out a class of redeeming creditors, which it was the object and policy of the law to let in.

Under these views, the court are driven to the conclusion that the mortgaged premises and the whole mortgaged premises were well redeemed by the pe-

July, 1840.

Augur
v.
Winslow and others.

titioner.    The next question is, whether they were legally redeemed from him by *Nathaniel Sherrill.*
The statute of 1836, in relation to redemption by mortgagees, (Session Laws 1836, p. 793,) require an affidavit by such mortgage creditor, his assignee, attorney, or agent, of the amount due or to become due, to be furnished.    In this case, the affidavit was made by the mortgagor.    The mortgagor ought certainly to know the proper amount due on his obligation ; and I am of the opinion that he was within the meaning of the statute for this purpose, an *agent* of the mortgagees.    I shall therefore hold that the premises were well redeemed.    At the time, the petitioner put it upon the ground that the redemption money was not paid in specie.    I hold the redemption money to be well paid to the officer, if paid in the notes of specie paying banks, and which notes were bankable at the place of redemption, so that specie could be commanded upon them at such place. Such was this case.    The redemption was therefore good.

The order must be, that the master making the sale, must pay over to the petitioner the money paid in by N. Sherrill; or if he has not the money in his possession, that he convey to the petitioner the whole of the mortgaged premises, upon payment of the redemption money by him.

The taxable costs of this application to be paid by the purchaser to the petitioner.